|  | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| EMMA VELÁZQUEZ RODRÍGUEZ, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>MUNICIPALITY OF SAN JUAN, et al.,<br><br>　　　Defendants. | Civil No. 07-1787 (JAF) |

**OPINION AND ORDER**

On February 18, 2009, Plaintiffs Emma Velázquez-Rodríguez and Ricardo Ríos-Centeno moved for reconsideration under Federal Rules of Civil Procedure 59 and 60, Docket No. 163, of our Opinion and Order dated February 3, 2009, Docket No. 161. Plaintiffs challenged our grant of summary judgment for Defendants on Plaintiffs' § 1983 claims under the First and Fourteenth Amendments. Docket No. 163. Defendants Municipality of San Juan and Jorge Santini-Padilla opposed the motion on March 26, 2009, Docket No. 183; Defendant Zenaida Díaz opposed the motion on March 27, 2009, Docket No. 184.

**I.**

**Motion for Reconsideration**

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact, (2) consider newly discovered evidence, (3) incorporate an

Civil No. 07-1787 (JAF)                                                    -2-

intervening change in the law, or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 37 n.4 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992). A Rule 59(e) motion "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Alternatively, Rule 60(b) provides relief from a final judgment, order, or proceeding for, inter alia, "mistake, inadvertence, surprise or excusable neglect" within one year from the entry of the judgment. Fed. R. Civ. P. 60(b)(1), (c)(1). However, relief under Rule 60(b) must not overlap with remedies available under Rule 59(e), and can only be invoked in "special situations justifying extraordinary relief." Silk v. Sandoval, 435 F.2d 1266, 1268 (1st Cir. 1971).

**II.**

**Analysis**

As Defendant Díaz concedes, Plaintiffs' motion under Rule 59(e) is timely. Docket No. 184. Because a petition under Rule 59(e) precludes resort to Rule 60(b) for the same facts, we treat Plaintiffs' motion under Rule 59(e). See Silk, 435 F.2d at 1268. We first amend our previous order to correct a minor discrepancy that

had no effect on the result. We then discuss the merits of Plaintiffs' instant petition.

Although it does not alter the outcome, we take this opportunity to correct an error of law with respect to the tolling of the statute of limitations under 31 L.P.R.A. § 5303 (1990). See Docket No. 161. In our computation of the effective limitations period, we noted that the filing of a judicial case tolls the statute of limitations as between the parties to, and the claims asserted in, that case. Id. We mistakenly stated, however, that the one-year period runs anew from the dismissal of a case. See id. In Puerto Rico, the one-year limitations period for actions in tort recommences upon the filing of the prior case, not its conclusion. Moran-Vega v. Cruz-Burgos, 537 F.3d 14, 22 (1st Cir. 2008).

Plaintiffs' prior case before this court, filed on April 26, 2007, Case No. 07-1347 (DRD), Docket No. 2, tolled the limitations period, and the one-year period ran anew from the same date, see Moran-Vega, 537 F.3d at 22. Accordingly, the new statutory period terminated on April 27, 2008. Plaintiffs commenced the instant action on August 28, 2007, Docket No. 1, which apparently satisfied the new limitations period. This conclusion is no different than the one we reached in our prior opinion, see Docket No. 161; we merely tweak the reasoning.

The rest of our Opinion and Order still stands. See Docket No. 161. As before, no action may lie against Defendants for acts

Civil No. 07-1787 (JAF)                                                    -4-

which took place before the one-year period prior to the previous case. Id. In our prior opinion, we found that the submissions entitled Defendants to judgment as a matter of law on the remaining federal claims that survived the statutory bar. Id.

Plaintiffs advance no new arguments to warrant modification of our summary judgment against them. Compare Docket Nos. 90, 110, 111 with Docket No. 163. Our Opinion and Order explicitly considered and rejected the bulk of Plaintiffs' arguments in the instant motion. See Docket Nos. 161, 163.

Furthermore, we refuse to consider Plaintiffs' belated introduction of translated testimony for their failure to comply with Local Civil Rule 10(b) in the previous proceedings. See L. Civ. R. 10(b); Docket Nos. 163-3, 163-4. Plaintiffs had ample opportunity to submit translations, as two months elapsed between Plaintiffs' cross-motion for summary judgment, Docket No. 111, and the issuance of our Opinion and Order, Docket No. 161.

Lastly, Plaintiffs' attempt to introduce a letter from their former counsel is baffling. See Docket No. 163-2. Even if we accepted the letter as newly-discovered evidence that was previously unavailable, it cannot help their case. A demand letter dated October 17, 2006, does not change our analysis on the statute of limitations. See id.; Docket No. 161. It makes no difference whether the demand letter reset the statutory period for a second time, as we have determined that their complaint satisfied the limitations bar.

Civil No. 07-1787 (JAF)                                                    -5-

See supra. Therefore, we find no reason to reconsider the summary judgment against Plaintiffs.

### III.

### Conclusion

Accordingly, we hereby **DENY** Plaintiffs' motion for reconsideration, Docket No. 163. We **AMEND** our previous order of summary judgment in favor of Defendants, Docket No. 161.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of April, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge